UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CRF BUILDING 600 LIMITED
PARTNERSHIP, a Maryland limited
partnership

       Plaintiff,

v.                                     Case No.: 2:20-cv-652-FtM-38MRM

CHICO'S FAS, INC.,

       Defendant.
_____/

# ORDER[1]

Before the Court is Plaintiff CRF Building 600 Limited Partnership's Motion to Remand. (Doc. 16). Before Defendant Chico's Fas, Inc. responded, the Court ordered the parties to show cause why this case should not be remanded because of the forum-defendant rule. (Doc. 18). Both parties have done so, and do not oppose remand. (Doc. 21; Doc. 24).

This is a lawsuit for eviction and money damages. Two months ago, CRF Building sued Chico's in the state court seeking eviction and money damages for unpaid rent pursuant to commercial leases. Chico's timely removed to this Court, alleging diversity jurisdiction. (Doc. 1). But CRF Building moved to remand,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

arguing the Court lacked jurisdiction because some members of CRF Building are domiciled in Florida. (Doc. 16).

Neither party, however, saw the fatal flaw in Chico's removal: Defendant is a Florida citizen.[2] "A civil action otherwise removable solely on the basis of jurisdiction under Section 1332(a) of this title may not be removed if any of the...defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This is called the "forum-defendant rule"; it bars an at-home defendant from removing the case if the defendant was served before removal. *See, e.g.*, *Goodwin v. Reynolds*, 757 F.3d 1216, 1220-21 (11th Cir. 2014); *Jasper Contractors, Inc. v. Progressive Prop. Ins.*, No. 2:19-cv-536-FtM-29NPM, 2019 WL 4126751, at * 1 (M.D. Fla. Aug. 30, 2019). Here, Chico's is a Florida citizen who was served before removal. Thus, the forum-defendant rule compels the Court to remand the matter.

Because neither party addressed the matter, the Court issued an order to show cause on why the rule does not apply, allowing the parties a chance to weigh in. (Doc. 18). Both parties agree the forum-defendant rule applies, and the case should be remanded. (Doc. 21; Doc. 24). With the parties in agreement, the Court will remand the case.

---

[2] Chico's is a corporation organized and existing under the laws of Florida, with its principal place of business in Florida.

Finally, to the extent CRF Building seeks fees, the Motion is denied.[3] When "the removing party lacked an objectively reasonable basis for seeking removal," 28 U.S.C. § 1447(c) allows a fee award. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). But the award must be "just" and the decision to award fees is within the Court's discretion. *Id.* at 138-39; *Diebel v. S.B. Trucking Co.*, 262 F.Supp.2d 1319, 1333-34 (M.D. Fla. 2003). A remand based on the forum-defendant rule can support an award of fees. *Jasper*, 2019 WL 4126751, at *2. Yet the Court concludes it would be unjust to award fees when CRF Building failed to identify the correct defect in removal and makes no argument for entitlement to fees. The Court thus denies its request for fees.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Remand to State Court (Doc. 16) is **GRANTED** only as to remand.

2. The Clerk is **DIRECTED** to **REMAND** this case to the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is **DIRECTED** to enter judgment, terminate any deadlines, deny any pending motions as moot, and close the file.

---

[3] The Local Rules require a request for fees to be made by separate motion after judgment. Fed. R. Civ. P. 54(d)(2); Local Rule 4.18(a). Thus, fees could be denied on this basis alone.

**DONE** and **ORDERED** in Fort Myers, Florida on October 14, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record